UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| MICHAEL PARKER, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil No. 04-214-B-W |
| DOUGLAS ROBINSON, et al., | ) ) ) | |
| Defendant | ) | |

*Recommended Decision on Motion for Summary Judgment*

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.§ 1997e(a). The defendants move for summary judgment (Docket No. 15) on the grounds that Parker has not completed the grievance process, his claims are procedurally defaulted, some of his claims in the action were not grieved at all because Parker's grievance did not allege certain facts, and that if some of the claims are deemed grieved but others are not considered grieved the court should dismiss this action in toto. Parker accompanied his complaint with a twenty-three-page attachment which attempts to demonstrate his compliance with the grievance requirement. As to the federal claim I recommend the court **DENY** the motion, but Parker has failed to show compliance with the Maine Tort Claim Act and his state claims should be dismissed.

*Discussion*

The defendants' facts apropos exhaustion are as follows. Parker is a state prisoner. The Maine Department of Corrections has a process for handling prisoner grievances. Under that policy, there is a formal grievance process that has three levels of review. The third level of review provided for under the policy, review by the Commissioner of Corrections, is the final administrative level of review. Under the policy, not only the original grievance and the appeal to the second level, but also the appeal to the third level must be filed with the Grievance Review Officer. Parker filed a grievance concerning the cell extraction of April 16, 2004. The grievance contained claims of excessive force by the officers escorting the plaintiff down the hallway by allegedly pushing his arms above his head making it hard for him to walk, slamming him head first onto the corridor, and refusing to loosen his handcuffs after he was placed in the restraint chair. The grievance was denied at the third level for failure of the plaintiff to follow the grievance process, specifically for failure to file the appeal to the third level with the Grievance Review Officer. There is no notice of tort claim from the plaintiff concerning any of the claims in his lawsuit.

In his responsive, sworn pleading, entitled "Declaration in Opposition to Motion for Summary Judgment," Paragraphs 13 through 17, Parker states that on April 25 he filed a grievance "in regards to this incident." On May 12 he received his response to this first-level grievance and filed an appeal. On June 13 he received his second-level response and filed an appeal on the same date. Parker states that he received a third-level response on July 20 and reviewed this with the prison advocate. According to Parker the

advocate[1] advised him to file a new appeal with the prison grievance review officer and was told that individual would forward it to the Commissioner of the Maine Department of Corrections.  This he did but he never heard anything from the grievance review officer or the Commissioner.[2]

This is not the first, and I am sure it will not be the last, time that the State has pressed an exhaustion argument even though the  42 U.S.C. § 1983 prisoner plaintiff has come forth with documentation that he or she has attempted to grieve his complaint through the grievance procedure.  In my view Parker has created a genuine dispute of material fact that he has attempted to fully grieve his remedies at the prison and was unable to complete the process for no fault of his own. See Abney v. McGinnis, 380 F.3d 663, 666-67 (2d Cir. 2004); Brown v. Croak, 312 F.3d 109, 112 (3d Cir.2002); Miller v. Norris, 247 F.3d 736, 740 (8th Cir.2001).[3]

I also reject the State's argument that Parker's grievances did not include all his claims in this action because certain factual allegations concerning his treatment during a cell extrication incident underlying his excessive force claim were not sufficiently pled in

---

[1] The policy provides that an inmate may be assisted in the grievance process by a Department of Corrections advocate or other staff member.  Policy 29.1, Sec. VI, ¶ 11.

[2] The State has filed a reply to Parker's responsive pleadings asking the Court to disregard them as they do not comply with District of Maine Local Rule 56.  It is true that Parker has not formatted his facts pertaining to his grievance efforts as a statement of responsive facts or additional facts.  However, he has sworn to these facts and I have had no problem identifying the facts relevant to the grievance and have taken them as essentially responsive to and as qualifying the defendants' grievance facts.  If they were in the nature of additional facts the State would have a strong argument for disregarding the facts but they are not.  However, Parker's "additional" material fact that on the advice of prison officials he resubmitted the level three grievance is merely a qualification of defendants' paragraph nine of their statement of facts which says the third level grievance was denied because it had not been first submitted to the Grievance Review Officer.

[3] Because of this conclusion I do not need to address whether or not this court should treat the excessive force claims as procedurally defaulted, see, e.g., Johnson v. Meadows, __ F.3d __, 2005 WL 1718602, *5 (11th Cir. July 26, 2005); Giano v. Goord, 380 F.3d 670, 676 (2d Cir. 2004).  Parker is only procedurally defaulted if his failure to file the grievance with the Grievance Review Officer in the first instance could not be procedurally remedied by his subsequent immediate steps taken on advice of the prison advocate, an issue not addressed by policy 29.1 or this summary judgment record.  Viewing the record most favorably to Parker, there is most certainly a disputed question of fact on that issue.

his grievances. Therefore, I need not reach the question of the proper treatment of a complaint containing both exhausted and unexhausted claims. Compare Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) with Ortiz v. McBride, 380 F.3d 649, 657 (2d Cir. 2004).  Parker is raising only one claim here concerning alleged excessive force by the three named officers during the cell extraction of April 16, 2004.  While discrepancies in certain factual allegations between the complaint and the previously submitted grievances may exist, that fact does not create an "unexhausted" claim on this record.

I do conclude that Parker has not created a genuine dispute of material fact as to the defendants' contention that Parker never filed a notice of claim as required by the Maine Tort Claims Act.  Therefore, the defendants are entitled to summary judgment on Parker's claim for assault and battery under Maine law.

### *Conclusion*

For these reasons I recommend that the Court **DENY** the State's motion with respect to Parker's 42 U.S.C. § 1983 excessive force claim and **GRANT** the motion as to Parker's state law claim for assault and battery.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

August 31, 2005.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge