UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL PARKER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil No. 04-214-B-W |
| | ) |
| DOUGLAS ROBINSON, et al. | ) |
| | ) |
|     Defendants. | ) |

**ORDER AFFIRMING THE RECOMMENDED
DECISION OF THE MAGISTRATE JUDGE AND
GRANTING DEFENDANTS' MOTION TO STRIKE**

The United States Magistrate Judge filed with the Court on August 31, 2005 her Recommended Decision.  Docket # 28.  The Defendants filed their objection to the Recommended Decision on September 15, 2005[1] and the Plaintiff filed his response to those objections, together with seven affidavits, on October 4, 2005.  Docket # 29, 34.  On October 5, 2005, the Defendants filed a motion to strike the affidavits and a portion of the Plaintiff's response.  Docket # 35.

I have reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters

---

[1] In their objection, the Defendants contend the Plaintiff's opposition to their motion for summary judgment should be disregarded because it fails to comply with Local Rules 7(b) and 56.  As Mr. Parker is acting *pro se,* this Court has "read [his] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest."  *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).  In view of this standard, this Court concludes the Plaintiff has substantially complied with Local Rules 7(b) and 56.  This conclusion cannot, however, extend to Mr. Parker's attempt to introduce new evidence at this stage in the proceedings and this Court grants the Defendants' motion to strike the affidavits that accompany Mr. Parker's response.  *See United States v. Raddatz,* 447 U.S. 667, 674 (1980)(distinguishing between a *de novo* determination and a *de novo* hearing).

adjudicated by the Magistrate Judge's Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision, and determine that no further proceeding is necessary with respect to the Defendants' motion for summary judgment.

The Defendants' motion to strike the Plaintiff's affidavits is GRANTED because this Court declines to consider new evidence. The Defendants also move to strike the Plaintiff's response to the extent it attempts to introduce new evidence or raise new issues. This Court GRANTS Defendants' motion to strike a portion of the Plaintiff's response to the Defendants' objection.[2]

1. It is therefore ORDERED that the Recommended Decision of the Magistrate Judge is hereby AFFIRMED.

2. It is further ORDERED that the Defendants' Motion for Summary Judgment with respect to the Plaintiff's 42 U.S.C. § 1983 excessive force claim is DENIED and the Defendants' Motion for Summary Judgment in connection with the Plaintiff's state law claim for assault and battery is GRANTED.

3. It is further ORDERED that the Defendants' Motion to Strike the affidavits attached to the Plaintiff's Response to the Defendants' Objection to the Recommended Decision is GRANTED.

---

[2] In response to the Defendants' objection, Mr. Parker states he sent a complimentary copy of his third level grievance appeal to the Commissioner of Corrections and, at the same time, sent a copy to the grievance review officer. In effect, Mr. Parker now contends he complied with the third level grievance procedure. Defendants move to strike his statement, because they assert it contradicts his opposition to their motion for summary judgment in which he acknowledged a mistake in the last level of the grievance procedure by sending the appeal directly to the Commissioner and not to the grievance review officer.

This Court has not ordered a *de novo* hearing and to the extent Mr. Parker's statement is new evidence, this Court will not consider it for the same reasons it has not considered the newly filed affidavits and for the additional reason that it is not in evidentiary form. *See Raddatz*, 447 U.S. at 674. To the extent it is argument, it is a new argument, which is also precluded. *See Borden v. Sec'y of Health and Human Serv.*, 836 F.2d 4, 6 (1st Cir. 1987)("Parties must take before the magistrate, 'not only their "best shot," but all of their shots.'")(quoting *Singh v. Superintending Sch. Comm.*, 593 F. Supp. 1315, 1318 (D. Me. 1984).

4. It is further ordered that the Defendants' Motion to Strike a part of the Plaintiff's Response to the Defendants' Objection to the Recommended Decision is <u>GRANTED</u>.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 7th day of November, 2005