UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

|  |  |
|---|---|
| MICHAEL PARKER,<br><br>       Plaintiff<br><br>v.<br><br>DOUGLAS ROBINSON, et al.,<br><br>       Defendant | )<br>)<br>)<br>)<br>)<br>)   Civil No. 04-214-B-W<br>)<br>)<br>)<br>) |

### *ORDER STAYING ACTION PENDING DECISION*
### *IN CASE NOW BEFORE THE UNITED STATES SUPREME COURT*

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.§ 1997e(a). In this case I previously recommended (Docket No. 28) denying the defendants' motion for summary judgment (Docket No. 15) because I concluded that there was a genuine dispute of material fact as to whether Michael Parker had attempted to fully grieve his remedies at the prison and was unable to complete the process for no fault of his own.

In the wake of that recommended decision and its affirmance (Docket No. 36), the defendants moved for an evidentiary hearing on the question of whether or not Parker had sufficiently fulfilled his 42 U.S.C. § 1997e(a) exhaustion requirement.  (Docket No. 38.) On December 30, 2005, I convened a hearing at the Maine State Prison and took testimonial evidence from Michael Parker and the prison's grievance review officer,

Robert Costigan. At the conclusion of that hearing I invited additional briefing from both sides on the concerns raised at the hearing.

The defendants have filed a memorandum (Docket No. 45) in which they rely – as they did in their initial motion -- upon <u>Spruill v. Gillis</u>, 372 F.3d 218 (3d Cir. 2004) for the proposition that Parker cannot proceed with his civil suit because -  although he properly complied with the first and second steps in the prison's three stage grievance procedure --he did not submit his third stage grievance to the grievance review officer (who would in turn, per the policy, forward it to the Commissioner of Corrections). Instead, Parker sent the third stage grievance directly to the Commissioner who – after inexplicably holding on to the grievance for over a month -  returned the grievance to Parker indicating to Parker that he was supposed to funnel the grievance through the grievance review officer.  This correspondence from the Commissioner to Parker did not affirmatively deny Parker's grievance on the ground that he had not followed proper procedure.  However, by the time Parker received the grievance back from the Commissioner's office his time for submitting a timely stage-three grievance to the grievance review officer had expired.  Thus, it is the defendants' opinion that Parker has "procedurally defaulted" his 42 U.S.C. § 1983 Eighth Amendment claim because he did not comply with the grievance policy requirements and he is now barred from proceeding with this action.

I note that Parker does contend that after receiving the grievance back from the Commissioner's office he believed that his grievance had not been definitively denied and that he did attempt to complete the grievance procedure by forwarding the third-stage complaint to the grievance review officer.  (<u>See</u> Parker Br. at 2-3, Docket No. 46.)

2

Costigan testified, based on the Parker's grievance file he brought with him to the evidentiary hearing, that Parker never submitted further paperwork with him.  Parker, while he had a paper trail on all his earlier efforts in this grievance stage, had no copies to support his contention that after he received the rebuff on procedural grounds from the Commissioner he attempted to comply with the policy by submitting his stage-three grievance to Costigan (albeit in an untimely fashion). As to both factual scenarios the defendants argue that Parker procedurally defaulted because even if he did attempt to funnel the rejected third stage grievance through the proper channel it was time-barred by that time and if Parker never attempted to do so his grievance was procedurally defective because he skipped the requirement that he submit the third stage appeal to the grievance review officer, instead sending it directly to the Commissioner.

I can only assume that it was inadvertence by the defendants, represented by an Assistant Attorney General for the State of Maine, that they failed to recognize and/or bring to the Court's attention the fact that Spruill – the case upon which they so singularly rely -- is on one side of a three/two circuit court divide on the 42 U.S.C. § 1997e(a) procedural default question at the heart of this dispute.  Furthermore, the defendants have overlooked that on November 14, 2005, the United States Supreme Court granted review apropos the Ninth Circuit's Ngo v. Woodford, 403 F.3d 620 (2005), 126 S. Ct. 647, a case which, joining Thomas v. Woolum, 337 F.3d 720 (6th Cir. 2003), expressly rejected Spruill, Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004), and Pozo v. McCaughtry, 286 F.3d 1022 (7th Cir. 2002).  The question upon which the Supreme Court granted review is: "Does a prisoner satisfy the Prisoner Litigation Reform Act's administrative exhaustion requirement by filing an untimely or otherwise procedurally

3

defective administrative appeal?"  (Supreme Court Docket No. 05-416)(emphasis added). The Ninth Circuit undertook an extensive inquiry as to this question, 403 F.3d at 623-630, and therefore I need not repeat that analysis here.  I do note that the State of Maine has joined a brief in support of the prison defendants in Ngo, arguing that a procedural default rule is necessary if the PLRA exhaustion requirement is to serve its purpose and that the Ninth Circuit's exhaustion analysis cannot be squared with congressional intent. See Amicus Curiae Br. Support Pet., 2005 WL 290165 (Oct. 31, 2005).

 I am pretty confident that the Supreme Court's Ngo resolution will, absent some other twist in the Court's ultimate disposition, provide the rule upon which I should decide the question before me in Parker's case.  Surviving the initial test of the sufficiency of his compliance with 42 U.S.C. § 1997e(a) is crucial to Parker's ability to proceed with his 42 U.S.C. § 1983 Eighth Amendment claim and, with no governing First Circuit precedent,  I think this Court should decline to jump the gun only to learn later that it wrongfully dismissed Parker's suit following Spruill and the other two circuits or, in the alternative, have to come back to the starting line after the case has progressed through discovery should this Court side with the Ninth's Ngo and the Supreme Court reverse.

 Accordingly, I now stay Parker's civil action to await the Supreme Court's Ngo opinion.  Once that opinion has issued I will enter an order allowing both sides to file supplemental briefs limited to their arguments as to how that decision impacts this dispute.

***So Ordered.***

January 17, 2006.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge