UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV-04-214-B-W |
| ) | |
| DOUGLAS ROBINSON, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION TO EXTEND TIME**

Over the Defendants' objections, the Court grants the Plaintiff's motion for extension of time within which to file Rule 26(a)(2)(B) information on Dr. John Boothby, but denies the motion to the extent it requests an extension to designate experts other than Dr. Boothby.

**I. STATEMENT OF FACTS**

The travel of this case has taken a circuitous route. On December 10, 2004, Michael Parker, a state prisoner, filed a law suit under 42 U.S.C. § 1983, alleging that state correction officers Douglas Robinson, John Palmer, and Darren Barboa, violated his civil rights by use of excessive force during a cell extraction. *Compl.* (Docket # 1). On June 30, 2005, the Defendants filed a motion for summary judgment, which the Court granted as to the state tort claims, but denied as to the federal claim. *Mot. for Summ. J.* (Docket # 15); *Rec. Dec.* (Docket # 28); *Order* (Docket # 36).[1] The magistrate judge then issued a scheduling order on October 10, 2006, which set December 26, 2006 as the date for the Plaintiff to designate experts. *Scheduling Order*

---

[1] Shortly thereafter, the case became enmeshed in the question of whether the Plaintiff had exhausted his administrative remedies. On December 2, 2005, the magistrate judge granted a motion for an evidentiary hearing, which was held on December 20, 2005 at the Maine State Prison. *Order* (Docket # 39); *Minute Entry* (Docket # 43). The magistrate judge ordered the matter stayed pending the issuance of a Supreme Court decision on a critical issue. *Order Staying Action* (Docket # 47). After the Supreme Court issued *Woodford v. Ngo*, 126 S. Ct. 2378 (2006), the magistrate judge issued a briefing order and on September 6, 2006, she issued a recommended decision against the Defendants on the exhaustion defense. *Rec. Dec.* (Docket # 55). The Court affirmed the recommended decision on October 10, 2006. *Order* (Docket # 59).

(Docket # 60). On January 12, 2007, the Defendants moved to require the Plaintiff to submit to a physical examination by Dr. John Boothby and, on January 18, 2007, the motion was granted. *Mot. for Order to Submit to Physical Examination* (Docket # 65); *Order* (Docket # 69).

Also on January 12, 2007, the Defendants moved to extend the date for their expert designation to February 16, 2007, for the sole purpose of designating Dr. Boothby, *Mot. to Am. Scheduling Order* (Docket # 66); the magistrate judge granted the Defendants' motion on January 18, 2007, but she also provided that if the Defendants elected not to designate Dr. Boothby and not to provide his report to the Plaintiff, the Plaintiff would be "given leave to file a motion requesting access to the report, if the defendants will not voluntarily supply it to him." *Order* (Docket # 69).

On March 6, 2007, the magistrate judge issued an order giving the Plaintiff until seven days before the newly extended discovery deadline of April 17, 2007 to designate Dr. Boothby as his expert. *Report of Disc. Dispute and Order* (Docket # 74). On March 29, 2007, the Plaintiff moved for extension of the discovery deadline in part because he was "waiting for Dr. Boothby to respond to his request to be listed as his expert witness at trial." *Pl.'s Mot. for Extension of Time* (Docket # 75). The magistrate judge denied the motion on March 29, 2007, since there was no evidence that anything had changed from the last extension. *Order* (Docket # 76).

On April 12, 2007, Mr. Parker filed a Notice of Expert Designation, listing Dr. Boothby as his expert witness. *Notice of Expert Designation* (Docket # 77). This provoked a motion to strike from the Defendants on the ground that the Plaintiff's motion was untimely and failed to meet the requirements of Federal Rule of Civil Procedure 26(a)(2)(B). *Defs.' Opp'n to Mot. to Designate Expert Witness* (Docket # 78). On May 14, 2007, the magistrate judge reserved ruling

on the motion to strike, giving Mr. Parker until June 11, 2007 to supplement his expert designation to comply with Rule 26(a)(2)(B). *Order* (Docket # 87). On May 21, 2007, Mr. Parker filed a motion to appoint counsel. *Pro Se Mot. to Appoint Counsel* (Docket # 88). On the same day, the Court granted the motion, appointed Attorney Frank Walker to represent Mr. Parker, and stayed all deadlines for thirty days, including the June 11, 2007 supplementation deadline. *Order on Pro Se Mot. to Appoint Counsel* (Docket # 89). The deadline for supplementing the expert designation therefore lapsed on July 11, 2007.

On July 30, 2007, the Plaintiff filed a motion to extend time to August 31, 2007 for expert designation. *Pl.'s Mot. for Enlargement of Time to File an Expert Witness Designation* (Docket # 100). In the motion, Mr. Walker explained that, upon his appointment as counsel, his initial efforts were directed toward responding to a pending motion for summary judgment. *Id.* He also stated that the Defendants have known since April 12, 2007 that the Plaintiff intended to call Dr. Boothby as his expert witness, even though he had failed to comply with all the expert designation requirements. *Id.* The Defendants object. *Defs.' Opp'n to Mot. for Enlargement of Time to File an Expert Witness Designation* (Docket # 101). They note that the time for designating experts, even as extended, has passed and that the Court has been especially liberal in granting extensions. They object particularly to a wholesale extension, including experts other than Dr. Boothby, but also object to an extension for Dr. Boothby, since the Plaintiff has failed to meet the "excusable neglect" standard of Rule 6(b)(2).

## II. DISCUSSION

The Defendants' objection to a wholesale extension of time for experts other than Dr. Boothby is well taken; any extension of the expert witness designation deadline is applicable only to Dr. Boothby. Despite the Plaintiff's persistent non-compliance with the dictates of Rule

3

26(a)(2)(B), the Court will allow one further and final extension to the Plaintiff to comply with the Rule.

The circumstances regarding Dr. Boothby are somewhat unusual. The Plaintiff elected to designate as his medical expert the same physician the Defendants themselves used to perform a Rule 35 examination. Although the docket entries are not entirely clear, the Court assumes that the Defendants received a report of Dr. Boothby's physical examination of the Plaintiff and provided that report to Mr. Parker in compliance with the magistrate judge's January 18, 2007 Order. Thus, the Defendants have long been on notice of Dr. Boothby's findings and, as he was a physician of their choosing, must have had some knowledge of his qualifications.

Mr. Parker formally designated Dr. Boothby on April 12, 2007, indicating that the doctor was going to testify in accordance with the contents of his report, though the designation otherwise failed to comply with Rule 26.[2] It is correct that the Plaintiff should have acted within the thirty-day extension, which lapsed on July 11, 2007, to secure a further extension for compliance with expert designation requirements and his excuse, namely that he was concentrating on a response to a pending motion for summary judgment, hardly credits his undoubted ability to handle more than one matter at the same time.

Nevertheless, to deny the motion for enlargement seems too punctilious and too severe in the context of this case, where the Defendants have known for months who the doctor is and what he is going to say. *See Envisionet Computer Servs., Inc. v. Microportal.Com, Inc.*, No. 00-CV-225-P-H, 2001 WL 27539, at *1 (D. Me. Jan. 9, 2001) (discussing the excusable neglect standard for a motion for enlargement made after expiration of a specified period). The remedy the Defendants seek would deprive Mr. Parker of an expert medical opinion entirely. Further,

---

[2] The designation was two days late, but the lateness issue was effectively mooted by the magistrate judge's order dated May 14, 2007, denying the Defendants' motion to strike.

4

the parties are in the process of germinating a full-blown motion for summary judgment for one of the Defendants and that motion, although close to completion, is not yet ready for decision. Thus, the delay caused by this last extension should not unduly delay final resolution of the case. To mitigate the impact of this late compliance, the Court will be receptive to any further motion of the Defendants to reopen discovery on an expeditious basis to allow them to perform a speedy deposition of Dr. Boothby, if they need to do so following receipt of the Rule 26(a)(2)(B) material.

### III.  CONCLUSION

The Court GRANTS IN PART and DENIES IN PART the Plaintiff's Motion to Extend Time to File An Expert Witness Designation (Docket # 100).  The Plaintiff has until August 31, 2007 to fully supplement his earlier expert designation of Dr. Boothby to comply with Rule 26(a)(2)(B).  Insofar as the Plaintiff requests additional time within which to designate expert witnesses other than Dr. Boothby, the Court denies his motion.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 9th day of August, 2007