UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-04-214-B-W |
| | ) | |
| DOUGLAS ROBINSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AFFIRMING THE RECOMMENDED DECISION
## OF THE MAGISTRATE JUDGE

Michael Parker, a prisoner at the Maine State Prison, filed a complaint on December 10, 2004, asserting that two correctional officers and a sergeant violated his federal constitutional rights under the Eighth Amendment.[1]  *Compl.* (Docket # 1).  He asserts that his rights were violated when Defendants extracted him from his cell, transferred him to a restraint chair, and handcuffed him.  *Id.*  On May 9, 2007, Douglas Robinson, the sergeant, moved for summary judgment, *Mot. for Summ. J. of Def. Robinson* (Docket # 81), and on September 26, 2007, Magistrate Judge Kravchuk recommended that the Court deny the motion because Mr. Parker created a genuine dispute as to facts material to his Eighth Amendment claim against Sergeant Robinson.  *Recommended Decision on Def. Robinson's Mot. for Summ. J.* (Docket # 119) (*Rec. Dec.*).

On October 15, 2007, Sergeant Robinson filed an objection to the magistrate judge's recommended decision.  *Partial Objection to Recommended Decision* (Docket # 122).  However, the sergeant limited his objection to only one issue: "[T]hat part of the recommended decision

---

[1] For a thorough background regarding this litigation and the underlying facts, see Magistrate Judge Kravchuk's Recommended Decision.

concerning the plaintiff's claim that he directly violated the plaintiff's constitutional rights with respect to the handcuffs because of his own alleged action of ignoring the plaintiff's request to loosen them." *Id.* Mr. Parker filed his response to the Defendant's partial objection on November 1, 2007. *Pl.'s Resp. to Def.'s Partial Obj. to Recommended Decision* (Docket # 125).

The Recommended Decision includes a thorough and complete analysis of both Mr. Parker's and Sergeant Robinson's accounts concerning the handcuffs as well as the parties' assertions regarding both Mr. Parker's complaints and whether or not the handcuffs were loosened. *Rec. Dec.* at 11-14. The decision further concludes that there are genuine issues of fact which require resolution by a factfinder, stating that "the facts put into dispute by Parker, reliant as many of them are on circumstantial evidence, are sufficient to survive Robinson's case for summary judgment." *Id.* at 16. It further states that "the resolution of the disputed facts material to the question of Robinson's liability turns on a credibility determination that must be left to the jury; the issue 'on the evidence presented, . . . may reasonably be resolved in favor of either party.'" *Id.* at 17 (quoting *Cordi-Allen v. Conlon*, 494 F.3d 245, 249 (1st Cir. 2007)) (internal quotation marks omitted).

The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; it has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. The Court concurs with the recommendations of the Magistrate Judge for the reasons set forth in her Recommended Decision and determines that no further proceeding is necessary.

1. It is therefore ORDERED that both the objected-to and unobjected-to portions of the Recommended Decision are hereby AFFIRMED.

2. It is further ORDERED that the Defendant's Motion for Summary Judgment (Docket # 81) be and hereby is DENIED.

SO ORDERED.

                                            /s/ John A. Woodcock, Jr.
                                            JOHN A. WOODCOCK, JR.
                                            UNITED STATES DISTRICT JUDGE

Dated this 10th day of December, 2007